# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARANO, CDCR #B-97636,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GEORGE NEOTTI, Warden; M. STOUT, Facility Captain; M. DOMINGUEZ, Culinary Officer; D. HODGE, Facility Patrol Officer; CALIFORNIA DEPARTMENT OF CORRECTIONS; DAVID M. WAGNER, Inmate; JOHN DOES 1-10,<br><br>　　　　　　　　　Defendants. | Civil No.   13cv3117 LAB (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF Doc. No. 2)**<br><br>**(2) DISMISSING COMPLAINT AS TO DEFENDANT WAGNER FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**<br><br>**AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON REMAINING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND FED.R.CIV.P. 4(c)(3)** |

Frank Marano ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

1  Plaintiff claims the California Department of Corrections and Rehabilitation
2 ("CDCR") and several RJD officials subjected him to "unsafe prison condition[s]" by
3 failing to properly supervise inmate plumbers' access to "industrial sized tools." *See*
4 Compl. ¶¶ 6-8, 23, 33-37, 47, 57.  As a result, Plaintiff alleges his throat was "slashed"
5 with a box cutter by a fellow inmate while he was working to repair a drinking fountain
6 in RJD's Facility 3 culinary area on December 10, 2009.  *See* Compl. ¶¶ 3, 9.  Plaintiff
7 further alleges that Defendants failed to provide him "competent medical care during a
8 . . . life-threatening emergency," by transporting him to Alvarado Hospital instead of a
9 trauma center equipped to address his injury.  *Id.* ¶¶ 17-18, 24.   Plaintiff seeks injunctive
10 relief as well as general, "specific," and "exemplar[y]" damages.  *Id.* at 32-33.

11  Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a); instead, he
12 filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)
13 (ECF Doc. No. 2), followed by a prison trust account certificate and certified copies of
14 his account activity as required by 28 U.S.C. § 1915(a)(2) (ECF Doc. No. 4).

15 **I.    PLAINTIFF'S MOTION TO PROCEED IFP**

16  All parties instituting any civil action, suit or proceeding in a district court of the
17 United States, except an application for writ of habeas corpus, must pay a filing fee.  *See*
18 28 U.S.C. § 1914(a).[1]  An action may proceed despite the plaintiff's failure to prepay the
19 entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See*
20 *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a
21 prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay
22 the entire fee in installments, regardless of whether his action is ultimately dismissed.
23 *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir.
24 2002).

25 / / /

---

[1] For civil actions filed on or before May 1, 2013, the filing fee was $350.  Civil litigants filing actions on or after May 1, 2013, however, must now pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion (ECF Doc. No. 2), Plaintiff has submitted certified copies of his trust account statements pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2 (ECF Doc. No. 4). *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statements, as well as the attached prison certificate issued by a trust account official at RJD where he remains incarcerated which verifies his account history and available balances. Plaintiff's statements show an average monthly balance of $302.94, average monthly deposits of $101.38, and an available balance in his account of $230.94 at the time it was submitted to the Court for filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) and assesses an initial partial filing fee of $60.58 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Secretary of the CDCR, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no

assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

/ / /

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A.     42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.     Plaintiff's Claims

As to his claims against Defendant Wagner, the inmate Plaintiff alleges attacked him, Plaintiff may not proceed.  Unlike the prison officials Plaintiff alleges acted in both their individual and official capacities, *see* Compl. at 2-3; *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (finding prison officials "administer[ing] the prison" acted under

color of state law for purposes of 42 U.S.C. § 1983), Wagner is alleged only to have acted in his "personal capacity as an inmate," Compl. at 3, and not "under color of state law" when he attacked Plaintiff. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (a private individual generally does not act under color of state law). Purely private conduct, no matter how wrongful, is not covered under § 1983. *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). Simply put–there is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

As to the remaining Defendants, however, the Court finds that while Plaintiff styles his "causes of action" in terms of state torts, workplace safety laws, and as a "breach of contract" governing Defendants' duty to respond to "reasonable and heightened expection[s] of dangerous risk to the life of inmates and staff," *see* Compl. at 20, 21, 24, 25, 26, the "factual content" in his Complaint, when liberally construed, is sufficient to "state a claim to relief [under 42 U.S.C. § 1983] that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).[2]

"[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). If an inmate has been assaulted by a fellow inmate, a prison official can be held liable under the Eighth Amendment so long as Plaintiff demonstrates that the deprivation is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk. *Id.* at 837. In addition, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

/ / /

/ / /

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service upon Defendants Neotti, Stout, Dominguez, Savala, Hodge, and the CDCR on his behalf.[3] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III.  CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is **GRANTED**.

2. The Secretary of the CDCR, or his designee, shall collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

/ / /

---

[3] Plaintiff must, of course, identify the persons he currently lists only as "John Does," by their true names and substitute those individual persons by amending his Complaint to identify each individual party before the United States Marshal will be ordered and able to execute service upon any of them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within 120 days of the commencement of the action against them); FED.R.CIV.P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). And when the plaintiff proceeds IFP, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against the Doe Defendants at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority provides that the plaintiff be given an opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identities, or that his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) as to Defendant Wagner.

5. The Clerk shall issue a summons as to Plaintiff's Complaint (ECF Doc. No. 1) upon Defendants NEOTTI, STOUT, DOMINGUEZ, SAVALA, HODGE and the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of them. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint (ECF Doc. No. 1) and the summons so that he may serve each Defendant named in the summons. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

6. Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7.     Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: May 7, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge