# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARANO,<br><br>　　　　　　　　　　Plaintiff(s),<br>　vs.<br>GEORGE NEOTTI, et al.,<br><br>　　　　　　　　　　Defendant(s). | CASE NO. 13cv3117-LAB (JLB)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

Plaintiff Frank Marano, a prisoner in state custody, filed his complaint bringing civil rights claims under 42 U.S.C. § 1983 for past injuries. He was given leave to proceed *in forma pauperis,* a summons was issued, and he was directed to provide the U.S. Marshals service with a completed form 285 so the Marshals could effect service. (Docket no. 5.) There is no evidence he ever did this, or anything else, to prosecute his case.

Then on July 17, 2015, the Court ordered Marano to show cause why this action should not be dismissed for three reasons: failure to serve, failure to obey the Court's orders, and failure to prosecute. He was ordered to file a response by July 31, and cautioned that if he did not do so, this action would be dismissed without prejudice.

Marano filed nothing, and the action was dismissed without prejudice on August 7. Marano has now submitted a motion for relief from judgment under Fed. R. Civ. P. 60, styled as a motion to vacate. His response is inadequate, and gives no good reason for his multiple failures — nor for his failure to respond to the July 17 order.

      The Motion is dated October 28, 2015 and is supported by another prisoner's affidavit, dated the same day. But the proof of mailing shows it was not delivered to prison officials for mailing until December 4.

      The Motion refers to serious injuries Marano suffered on December 10, 2009 and again on February 27, 2012 at the hands of a fellow inmate. (Motion at 1–2.) He mentions medical and psychological care he received after that, and the fact that he was "heavily sedated with prescription pain medications," though he does not say when that ended. (*Id.* at 2.) The Motion implies that Marano is still undergoing some kind of medical care, though it does not specifically say what.

      The Motion also says that, for the past two months, Marano has been contacting California attorneys, and has finally found one who might be willing to represent him. (Mot. at 3.) Bearing in mind that it is dated October 28, this must mean he was contacting attorneys throughout September and October, and that as of October 28, an attorney was reviewing his case to decide whether to accept it. The affidavit supports what the Motion says, but it too is somewhat vague about what difficulties Marano is currently facing. It says Marano endured medical appointments as well as pain and suffering, and lacked focus due to prescribed medications, but it does not make clear whether this is ongoing, or if so, how Marano is functioning. It also says an attorney is reviewing Marano's case file and deciding whether to accept the case, but does not say how the affiant knows this.

      The Motion's arguments, if supported by other information, <u>might</u> support tolling, but they do not show why Marano's long delay in responding to the Court's July 17 order, nor good reason for his failure to serve Defendants or prosecute his claims.

      Marano offers no explanation for his failure to complete the relatively simple task of filling out Form 285 and sending it to the Marshals to effect service. Under Fed. R. Civ. P. 4(m), if a defendant is not timely served, the Court <u>must</u> either dismiss the action or extend the time for service. If good cause for failure to serve is shown, the Court must extend the time for service. Initially, Marano made no reply when told to explain why he had not served Defendants. And he still has not explained why he failed to serve them for 14 months from

the time he was granted *in forma pauperis* status until the Court pointed out his failure to serve and told him to respond. Nor does he explain why he has still not served them, even though the matter has been brought to his attention. Dismissal is therefore appropriate.

Dismissal for failure to prosecute is also appropriate. Marano is clearly capable of drafting and filing documents, and communicating with attorneys, either by himself or with help. He does not explain his failure to contact attorneys until the month after his case had been dismissed. He also offers no explanation for his decision to spend September and October contacting attorneys instead of filing something with the Court, or even notifying the Court of his situation. And he offers no explanation why it took him until December 4 to mail his Motion.

The Court understands that Marano may be suffering from medical problems and the side effects of medications in ways he cannot adequately explain. But even giving him substantial leeway, there is no good explanation for his decision to wait several months before responding to the Court's order, while focusing on communicating with prospective attorneys. Nor has explained why the task of filing his Motion took over a month.

In short, Marano has not been diligent, and has not adequately explained the long delays. Under Fed. R. Civ. P. 60(b)(1), relief from a final order is available for excusable neglect, and may be granted only where the plaintiff has been diligently pursued his claims. *See Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992). What is more, he must show he has been diligently pursuing them, *id*., and Marano has not done that.

It does not appear an attorney is prepared to represent Marano in this case. Marano himself has said nothing more about it, and no attorney has made an appearance or contacted the Court about representing Marano.

The relief Marano requests is either an order vacating the dismissal, or else an order permitting him to file a new complaint. The former is inappropriate, given Marano's lack of diligence. But because the complaint was dismissed without prejudice, he can file a new one and does not need permission to do that. The Motion is therefore **DENIED**.

1 | If Marano does decide to file a new complaint, it would open a new case, and he would likely need to explain why he is entitled to tolling.

**IT IS SO ORDERED**.

DATED: December 15, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge